## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

**NOVACLOUD LICENSING, LLC,**

        **Plaintiff,**

    vs.

**AMAZON.COM, INC. AND AMAZON WEB SERVICES, INC.**

        **Defendants.**

**Civil Action**

**JURY TRIAL DEMANDED**

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff NovaCloud Licensing, LLC ("NovaCloud") files this Complaint for Patent Infringement against Defendants Amazon.com, Inc. ("Amazon.com") and Amazon Web Services, Inc. ("AWS") (collectively, "Amazon" or "Defendants"), and alleges as follows:

### NATURE OF THE ACTION

1. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

2. Amazon has infringed and continues to infringe at least one claim of U.S. Patent No. 8,145,721 ("the '721 Patent").

3. Amazon has infringed and continues to infringe at least one claim of U.S. Patent No. 8,401,028 ("the '028 Patent").

4. Amazon has infringed and continues to infringe at least one claim of U.S. Patent No. 8,825,867 ("the '867 Patent").

5. Amazon has infringed and continues to infringe at least one claim of U.S. Patent No. 8,949,206 ("the '206 Patent").

6. Amazon has infringed and continues to infringe at least one claim of U.S. Patent

No. 10,225,173 ("the '173 Patent").

7.    Amazon has infringed and continues to infringe at least one claim of U.S. Patent No. RE47,612 ("the '612 Patent").

8.    With knowledge of the '721, '028, '867, '206, '173, and '612 Patents (collectively, the "Asserted Patents"), Amazon infringes directly, literally and/or by the doctrine of equivalents, and/or induces infringement of the Asserted Patents by developing, making, using, selling, offering for sale, and/or importing into the United States products, infrastructure, and/or services that incorporate the patented technology.

9.    NovaCloud seeks damages and other relief for Amazon's infringement.

## THE PARTIES

10.    Plaintiff NovaCloud Licensing, LLC is a Delaware limited liability company with its principal place of business at 530 Lytton Avenue, 2nd Floor, #2104, Palo Alto, CA 94301.

11.    NovaCloud was formed in 2024 to take ownership of and provide access to the fundamental patented technology that emerged from Ericsson's pioneering research in cloud computing, networking, and content delivery.[1] This technology is integral to today's Infrastructure-as-a-Service and Platform-as-a-Service cloud computing platforms, content delivery networks, and datacenters and, as such, underpins many of the consumer-facing technologies and services people use daily, such as file storage and access, streaming services, cloud-based Software-as-a-Service applications, and communication and collaboration tools.

12.    Amazon.com, Inc. is a Delaware corporation. Since 1996, Amazon.com has been incorporated in Delaware under SOS file number 2620453. Amazon.com may be served through its registered agent for service, Corporation Service Company, 251 Little Falls Dr., Wilmington,

---

[1] https://www.novacloudllc.com/#portfolio.

Delaware, 19808.

13.    Amazon Web Services, Inc. is a Delaware corporation. Since 2006, AWS has been incorporated in Delaware under SOS file number 4152954. AWS is a wholly owned subsidiary of Amazon.com, Inc. AWS may be served through its registered agent for service, Corporation Service Company, 251 Little Falls Dr., Wilmington, Delaware, 19808.

14.    On information and belief, Amazon makes, uses, sells, offers for sale, and/or imports into the United States, including in this District, products and services, including, without limitation, Amazon Route 53, AWS Elemental MediaTailor, AWS Elemental MediaPackage, AWS Elastic Fabric Adapter, and AWS Global Accelerator/Load Balancer.

15.    On information and belief, Amazon.com controls and benefits from the operation of the Amazon.com website and related architecture, which is one of the providers of the Accused Products. On information and belief, Amazon.com operates or is otherwise responsible for the Accused Products, as shown by at least various legal documents on AWS' legal webpage.[2]

16.    On information and belief, AWS operates servers and other services used to provide the Accused Products.

17.    In February 2024, Amazon interacted with Ericsson regarding a portfolio of Ericsson's patents that were ultimately acquired by NovaCloud. Thereafter, in June 2024, NovaCloud initiated discussions with Amazon concerning its patent portfolio. Amazon met with NovaCloud in August 2024 to discuss the patent portfolio. The parties interacted regarding the portfolio in October 2024, November 2024, January 2025, February 2025, March 2025, April 2025, May 2025, June 2025, and October 2025, but have been unable to agree to a license thus far.

---

[2] https://aws.amazon.com/service-terms/; https://aws.amazon.com/terms/;
https://aws.amazon.com/trademark-guidelines/.

## JURISDICTION AND VENUE

18.     This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code, including 35 U.S.C. § 271.

19.     The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

20.     This Court has personal jurisdiction over Amazon.com and AWS because they are incorporated in the State of Delaware. Personal jurisdiction also exists over each Defendant because each makes, uses, sells, offers for sale, imports, advertises, makes available, and/or markets products and/or services within Delaware that infringe one or more claims of the Asserted Patents.

21.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b). Plaintiff and Defendants are each Delaware entities and Delaware is a convenient forum for resolution of the parties' disputes with respect to the counts alleged herein.

22.     Amazon maintains a regular and established place of business within this District. For example, and without limitation, Amazon has maintained a regular and established place of business with offices and/or other facilities located at 1025 Boxwood Rd., Wilmington, DE 19804. At 3.8 million square feet, it is the largest Amazon fulfillment center in the United States.[3] Amazon additionally maintains offices in this District including at 560 Merrimac Ave 1437, Middletown, Delaware 19709 and 820 Federal School Lane, New Castle, Delaware 19720.

## THE '721 PATENT

23.     On March 27, 2012, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 8,145,721, entitled "Bit Streams Combination of Downloaded Multimedia Files,"

---

[3] https://www.delawareonline.com/story/money/business/2021/09/21/amazonopens-megawarehouse-delaware/8347000002/

to inventors Andreas Olsson and Marten Sundberg. The '721 Patent issued from an application filed on March 1, 2007. A true and correct copy of the '721 Patent is attached as Exhibit 1 and incorporated by reference.

24.     NovaCloud owns the '721 Patent and all rights to the '721 Patent necessary to bring this action.

25.     Amazon was made aware of NovaCloud's patent portfolio, including the '721 Patent, in February 2024.

26.     The '721 Patent discloses novel techniques for "downloading of multimedia files, and especially for making a more efficient use of available resources when downloading a multimedia file. Such as e.g. a music file." '721 Patent at 1:8-20.

27.     Pursuant to 35 U.S.C. § 282, the '721 Patent is presumed valid.

28.     Claim 1 of the '721 Patent reads as follows:

1. A method of downloading a multimedia file from a server to a user device, at least partly using a bandwidth limited connection, comprising the following steps:

connecting to said user device upon receiving a request for said downloading service from said user device,

receiving a request to download a multimedia file via two bit streams from said user device,

adapting said multimedia file for downloading via two bit streams, dividing said multimedia file into a first part, which is coded using a first coding, and into a second part, which is coded using a second coding, other that the first coding, wherein said first part is coded on the basis of the throughput requirements for streaming said first bit stream,

storing said first part and said second part,

setting up a first set of conditions for streaming said first part via a first bit stream, and a second set of conditions for downloading said second part via a second bit stream,

streaming said first part to said user device when said first set of conditions is fulfilled, downloading said second part to said user device when said second set of conditions is fulfilled.

29.    A person of ordinary skill in the art reading the '721 Patent and its claims would understand that the patent's disclosure and claims are drawn to solving specific, technical problems arising in the area of multimedia file downloading, and that the invention provides for advancements in the field that were not routine, well-understood or conventional. Accordingly, each claim of the '721 Patent recites a combination of elements sufficient to ensure that the claim in practice amounts to significantly more than a patent claiming an abstract concept. A person of ordinary skill in the art would understand that the ordered combination of claim elements is inventive. Further, the claimed improvements over prior art multimedia file downloading are concrete and improve the capabilities of existing methods.

30.    A person of ordinary skill in the art reviewing the specification of the '721 Patent would understand that the inventors had possession of the claimed subject matter and would know how to practice the claimed invention without undue experimentation.

**THE '028 PATENT**

31.    On March 19, 2013, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 8,401,028, entitled "Selection of an Edge Node in a Fixed Access Communication Network," to inventors Attila Mihaly, Andras Csaszar, Oktavian Papp, and Lars Westberg. The '028 Patent issued from an application filed on January 23, 2008. A true and correct copy of the '028 Patent is attached as Exhibit 2 and incorporated by reference.

32.    NovaCloud owns the '028 Patent and all rights to the '028 Patent necessary to bring this action.

33.    Amazon was made aware of NovaCloud's patent portfolio, including the '028

6

Patent, in February 2024.

34.     The '028 Patent discloses novel techniques for "allocating pooled nodes to a host in a fixed access network." '028 Patent at 1:8-19.

35.     Pursuant to 35 U.S.C. § 282, the '028 Patent is presumed valid.

36.     Claim 1 of the '028 Patent reads as follows:

1.   A method for selecting an edge node from a plurality of edge nodes in a fixed access communications network, the method comprising:

at a selection node, receiving from a host entity a request for a network service;

obtaining, from a dynamically updated database, data comprising information relating to the status and capabilities of each edge node of the plurality of edge nodes;

on the basis of the retrieved data, selecting an edge node from the plurality of edge nodes, the selected edge node providing a path between the host entity and the requested network service; and

sending a response to the host entity, the response including information identifying the selected edge node.

37.     A person of ordinary skill in the art reading the '028 Patent and its claims would understand that the patent's disclosure and claims are drawn to solving specific, technical problems arising in the area of pooled nodes within networks, and that the invention provides for advancements in the field that were not routine, well-understood or conventional. Accordingly, each claim of the '028 Patent recites a combination of elements sufficient to ensure that the claim in practice amounts to significantly more than a patent claiming an abstract concept. A person of ordinary skill in the art would understand that the ordered combination of claim elements is inventive. Further, the claimed improvements over prior art pooled nodes within networks are concrete and improve the capabilities of existing methods.

38.     A person of ordinary skill in the art reviewing the specification of the '028 Patent would understand that the inventors had possession of the claimed subject matter and would know

how to practice the claimed invention without undue experimentation.

## THE '867 PATENT

39.     On September 2, 2014, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 8,825,867, entitled "Two Level Packet Distribution with Stateless First Level Packet Distribution to a Group of Servers and Stateful Second Level Packet Distribution to a Server within the Group" to inventors Mustafa Arisoylu, Abhishek Arora, and Prashant Anand. The '867 Patent issued from an application filed on May 4, 2012. A true and correct copy of the '867 Patent is attached hereto as Exhibit 3 and incorporated herein by reference.

40.     NovaCloud owns the '867 Patent and all rights to the '867 Patent necessary to bring this action.

41.     Amazon was made aware of NovaCloud's patent portfolio, including the '867 Patent, in February 2024.

42.     The '867 Patent discloses novel techniques for packet distribution among servers in networking that enable two-level packet distribution with a stateless first level and distributed stateful second level. '867 Patent at 2:40-3:33. More specifically, the novel techniques enable "multi-level packet distribution" deployed on one or more network elements. '867 Patent at 3:1-5.

43.     Pursuant to 35 U.S.C. § 282, the '867 Patent is presumed valid.

44.     Claim 1 of the '867 Patent reads as follows:

1. A method, which is performed in one or more network elements that are in communication between clients that transmit packets and servers, of distributing the packets among the servers which are to process the packets, while providing stickiness of flows of the packets to servers assigned to process the packets of the flows, the method comprising the steps of:

receiving a first packet of an existing flow for which at least a second packet has already been received, at a static first level packet distribution module;

8

statically selecting a group of servers, from among a plurality of groups of the servers, for the first packet of the flow with the static first level packet distribution module, wherein statically selecting the group of servers does not involve using state that assigns the first packet of the flow to the selected group of servers;

distributing the first packet of the flow to a distributed stateful second level packet distribution system, wherein the distributed stateful second level packet distribution system is implemented on hardware that is distinct from hardware used to implement the static first level packet distribution module;

statefully selecting a server of the selected group of servers that is to process the first packet of the flow with the distributed stateful second level packet distribution system by accessing state that assigns processing of packets of the flow to the selected server; and

distributing the first packet of the flow to the selected server.

45. A person of ordinary skill in the art reading the '867 Patent and its claims would understand that the patent's disclosure and claims are drawn to solving specific, technical problems arising in the area of packet distribution among servers in networking, and that the invention provides for advancements in the field that were not routine, well-understood or conventional. Accordingly, each claim of the '867 Patent recites a combination of elements sufficient to ensure that the claim in practice amounts to significantly more than a patent claiming an abstract concept. A person of ordinary skill in the art would understand that the ordered combination of claim elements is inventive. Further, the claimed improvements over prior art packet distribution techniques are concrete and improve the capabilities of existing methods.

46. A person of ordinary skill in the art reviewing the specification of the '867 Patent would understand that the inventors had possession of the claimed subject matter and would know how to practice the claimed invention without undue experimentation.

**THE '206 PATENT**

47. On February 3, 2015, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 8,949,206, entitled "System and Method for Creating Multiple Versions of

a Descriptor File," to inventor Sathiyamoorthy Dhanapal. The '206 Patent issued from an application filed on October 4, 2012. A true and correct copy of the '206 Patent is attached hereto as Exhibit 4 and incorporated herein by reference.

48.    NovaCloud owns the '206 Patent and all rights to the '206 Patent necessary to bring this action.

49.    Amazon was made aware of NovaCloud's patent portfolio, including the '206 Patent, in February 2024.

50.    The '206 Patent discloses novel techniques wherein a system "create[es] multiple descriptor files [and] avoids having to create multiple versions of the one or more master content files which saves time and reduces maintenance and storage costs." '206 Patent at 2:26-30.

51.    Pursuant to 35 U.S.C. § 282, the '206 Patent is presumed valid.

52.    Claim 1 of the '206 Patent reads as follows:

1. A system configured for creating multiple descriptor files, the system comprising:

a processor; and

a memory that stores processor-executable instructions therein where the processor interfaces with the memory and executes the processor-executable instructions to enable the following operations:

receiving one or more source descriptor files and associated adaptive bit rate segments for one or more master content files, wherein the one or more source descriptor files includes a media presentation which has multiple periods spliced together into specific time periods and refer to the associated adaptive bit rate segments;

receiving rules which provide details on how the multiple descriptor files are to be created;

creating the multiple descriptor files based on the rules and the one and more source descriptor files, wherein the multiple descriptor files include a media presentation based on the media presentation from the one or more source descriptor files, and wherein the creating operation is implemented by manipulating at least one of the one or more source descriptor files based on the rules without transcoding the one

or more source descriptor files to an adaptive stream format and without generating new content files to create the multiple descriptor files; and

distributing one or more of the multiple descriptor files to one or more downstream systems.

53.     A person of ordinary skill in the art reading the '206 Patent and its claims would understand that the patent's disclosure and claims are drawn to solving specific, technical problems arising in the area of content management and delivery, and that the invention provides for advancements in the field that were not routine, well-understood or conventional. Accordingly, each claim of the '206 Patent recites a combination of elements sufficient to ensure that the claim in practice amounts to significantly more than a patent claiming an abstract concept. A person of ordinary skill in the art would understand that the ordered combination of claim elements is inventive. Further, the claimed improvements over prior art content management and delivery systems and methods are concrete and improve the capabilities of existing systems and methods.

54.     A person of ordinary skill in the art reviewing the specification of the '206 Patent would understand that the inventors had possession of the claimed subject matter and would know how to practice the claimed invention without undue experimentation.

## THE '173 PATENT

55.     On March 5, 2019, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 10,225,173, entitled "Method to Provide Elasticity in Transport Network Virtualisation," to inventors Paola Iovanna, Teresa Pepe, and Fabio Ubaldi. The '173 Patent issued from an application filed on September 29, 2014. A true and correct copy of the '173 Patent is attached hereto as Exhibit 5 and incorporated herein by reference.

56.     NovaCloud owns the '173 Patent and all rights to the '173 Patent necessary to bring this action.

11

57.     Amazon was made aware of NovaCloud's patent portfolio, including the '173 Patent, in February 2024.

58.     The '173 Patent discloses novel techniques for elasticity in network virtualization that "receiv[es] from network domains information about elasticity capability of physical paths in…network domains and summariz[es] physical paths in…network domains into virtual links. The method also comprises producing a topology of a virtual network overlaying the multi-domain network by associating elasticity parameters with the virtual links, wherein the elasticity parameters are inferred from the physical paths." '173 Patent at 2:6-13.

59.     Pursuant to 35 U.S.C. § 282, the '173 Patent is presumed valid.

60.     Claim 1 of the '173 Patent reads as follows:

1. A method for providing support for elasticity in network virtualization of a heterogeneous, multi-domain network, the method comprising:

receiving, from a plurality of network domains in the heterogeneous, multi-domain network, information about elasticity capability of physical paths in the plurality of network domains, the elasticity capability comprising the ability of each one of the plurality of network domains to add or release physical resources to meet service requirements;

summarizing the physical paths in the plurality of network domains into at least one virtual link;

producing a topology of a virtual network overlaying the heterogeneous, multi-domain network by associating elasticity parameters with the at least one virtual link, wherein the elasticity parameters represent the elasticity capabilities of the physical paths.

61.     A person of ordinary skill in the art reading the '173 Patent and its claims would understand that the patent's disclosure and claims are drawn to solving specific, technical problems arising in the area of elasticity in network virtualization, and that the invention provides for advancements in the field that were not routine, well-understood or conventional. Accordingly, each claim of the '173 Patent recites a combination of elements sufficient to ensure that the claim

12

in practice amounts to significantly more than a patent claiming an abstract concept. A person of ordinary skill in the art would understand that the ordered combination of claim elements is inventive. Further, the claimed improvements over prior art network virtualization elasticity techniques are concrete and improve the capabilities of existing methods.

62.    A person of ordinary skill in the art reviewing the specification of the '173 Patent would understand that the inventors had possession of the claimed subject matter and would know how to practice the claimed invention without undue experimentation.

## THE '612 PATENT

63.    On September 17, 2019, the U.S. Patent and Trademark Office duly and legally reissued RE47,612, entitled "Adaptive Ads with Advertising Markers," to inventors Chris Phillips, Bob Forsman, Charles Dasher, Jennifer Reynolds, and Steve Martin. The '612 Patent reissue application was filed on November 20, 2017. The '612 Patent is a reissue of U.S. Patent No. 9,197,907 that issued on November 24, 2015, and for which an application was filed on October 7, 2011. A true and correct copy of the '612 Patent is attached hereto as Exhibit 6 and incorporated herein by reference.

64.    NovaCloud owns the '612 Patent and all rights to the '612 Patent necessary to bring this action.

65.    Amazon was made aware of NovaCloud's patent portfolio, including the '612 Patent, in February 2024.

66.    The '612 Patent discloses novel techniques for providing content streams with advertising markers. For example, "(a) receiving a request from the client to play the content stream; (b) receiving the content stream; (c) segmenting the content stream into a plurality of segments, wherein the content stream has advertising markers embedded therein in which the

advertising markers indicate where advertisements are to be placed in the content stream; (d) reviewing the segments to identify the advertising markers; (e) identifying the advertisements to be associated with the advertising markers; (f) adjusting time codes of references to the content stream segments and the advertisements so they are consecutive time codes; (g) generating a manifest that includes the references to each of the segments and the advertisements; and (h) sending the manifest to the client, wherein the client is configured to use the references in the manifest to retrieve the segments and advertisements associated with the content stream." '612 Patent at 2:37-52.

67.     Pursuant to 35 U.S.C. § 282, the '612 Patent is presumed valid.

68.     Claim 27 of the '612 Patent reads as follows:

27. A method for use in a system for providing a content stream to a client via a network, the method comprising:

receiving a content stream, which may or may not contain advertising markers embedded therein, the advertising markers indicating where advertisements are to be placed in the content stream;

determining if the content stream contains any of the advertising markers;

segmenting the content stream into a plurality of content stream segments, wherein, when the advertising markers are present, the advertising markers remain in the content stream segments;

when the content stream segments do not contain advertising markers, generating a manifest based on the content stream segments not containing advertising markers;

when the content stream segments contain advertising markers, determining if demographic information associated with the client is available;

when the content stream segments contain advertising markers and the demographic information associated with the client is available, generating the manifest based on the content stream segments and the advertisements, the advertisements to be included in the manifest determined based at least in part on the demographic information associated with the client;

when the content stream segments contain advertising markers and the demographic information associated with the client is unavailable, generating the manifest based on the content stream segments and the advertisements, the advertisements to be included in the manifest determined from generic advertisements or local advertisements; and

providing the content stream based on the manifest;

wherein, when the content stream segments contain advertising markers, the manifest indicates timing of when to insert the advertisements relative to the content stream segments so that the content stream can be played in consecutive order.

69. A person of ordinary skill in the art reading the '612 Patent and its claims would understand that the patent's disclosure and claims are drawn to solving specific, technical problems arising in the area of content streams with advertising markers, and that the invention provides for advancements in the field that were not routine, well-understood or conventional. Accordingly, each claim of the '612 Patent recites a combination of elements sufficient to ensure that the claim in practice amounts to significantly more than a patent claiming an abstract concept. A person of ordinary skill in the art would understand that the ordered combination of claim elements is inventive. Further, the claimed improvements over prior art advertising markers within content streams techniques are concrete and improve the capabilities of existing methods.

70. A person of ordinary skill in the art reviewing the specification of the '612 Patent would understand that the inventors had possession of the claimed subject matter and would know how to practice the claimed invention without undue experimentation.

## AMAZON'S INFRINGEMENT

71. As detailed below, each element of at least one claim of each of the Asserted Patents is literally present in Amazon's products, infrastructure, and/or services. To the extent that any element is not literally present, each such element is present under the doctrine of equivalents. NovaCloud's analysis below should not be taken as an admission that the preamble for any claim

is limiting. While NovaCloud cites publicly available information, NovaCloud may rely on other forms of evidence to show infringement.

72.    Generally, the Accused Infrastructure and Services for the Asserted Patents include Amazon's datacenter and network infrastructure and/or cloud computing services. Exemplary, non-limiting Accused Infrastructure and Services are identified in the attached claim charts.[4]

## COUNT I: INFRINGEMENT OF THE '721 PATENT

73.    NovaCloud incorporates by reference the preceding paragraphs as if fully stated herein.

74.    Amazon has been and is now directly infringing and/or indirectly infringing the '721 Patent by way of inducement, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271, including by making, using, selling, and/or offering for sale in the United States or importing into the United States infringing products, infrastructure, and/or services, including at least the Accused Infrastructure and Services, and/or inducing others to do the same. Amazon derives revenue from the activities relating to the Accused Infrastructure and Services. As explained below, these are covered by one or more claims of the '721 Patent, including but not limited to Claim 1.

75.    Amazon is aware of the '721 Patent and its infringement of the '721 Patent at least as of the filing of this Complaint.

---

[4] The allegations provided are exemplary and without prejudice to NovaCloud's infringement contentions to be provided pursuant to the Federal Rules of Civil Procedure, the Court's scheduling order and/or local rules. NovaCloud's claim construction contentions regarding the meaning and scope of the claim terms will be provided under the Federal Rules of Civil Procedure, the Court's scheduling order and/or local rules. Identification of the Accused Infrastructure and Services, as well as a complete list of the infringed claims, will be provided in NovaCloud's infringement contentions pursuant to the Federal Rules of Civil Procedure, the Court's scheduling order and/or local rules.

76.     The Amazon Accused Infrastructure and Services meet all the limitations of at least Claim 1 of the '721 Patent. A chart presenting a non-limiting example of Amazon's infringement of Claim 1 of the '721 Patent is attached to this Complaint as Exhibit 7.

77.     On information and belief, Amazon also actively, knowingly, and intentionally induces infringement of one or more claims of the '721 Patent under 35 U.S.C. § 271(b) by actively encouraging others to make, use, sell, offer to sell, and/or import in the United States, the Accused Infrastructure and Services. *See* Ex. 7 (claim chart containing publications of Amazon's Accused Infrastructure and Services).

78.     To the extent applicable, the requirements of 35 U.S.C. § 287(a) have been met with respect to the '721 Patent.

## COUNT II: INFRINGEMENT OF THE '028 PATENT

79.     NovaCloud incorporates by reference the preceding paragraphs as if fully stated herein.

80.     Amazon has been and is now directly infringing and/or indirectly infringing the '028 Patent by way of inducement, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271, including by making, using, selling, and/or offering for sale in the United States or importing into the United States infringing products, infrastructure, and/or services, including at least the Accused Infrastructure and Services, and/or inducing others to do the same. Amazon derives revenue from the activities relating to the Accused Infrastructure and Services. As explained below, these are covered by one or more claims of the '028 Patent, including but not limited to Claim 1.

81.     Amazon is aware of the '028 Patent and its infringement of the '028 Patent at least as of the filing of this Complaint.

82.     The Amazon Accused Infrastructure and Services meet all the limitations of at least

Claim 1 of the '028 Patent. A chart presenting a non-limiting example of Amazon's infringement of Claim 1 of the '028 Patent is attached to this Complaint as Exhibit 8.

83.    On information and belief, Amazon also actively, knowingly, and intentionally induces infringement of one or more claims of the '028 Patent under 35 U.S.C. § 271(b) by actively encouraging others to make, use, sell, offer to sell, and/or import in the United States, the Accused Infrastructure and Services. *See* Ex. 8 (claim chart containing publications of Amazon's Accused Infrastructure and Services).

84.    To the extent applicable, the requirements of 35 U.S.C. § 287(a) have been met with respect to the '028 Patent.

**COUNT III: INFRINGEMENT OF THE '867 PATENT**

85.    NovaCloud incorporates by reference the preceding paragraphs as if fully stated herein.

86.    Amazon has been and is now directly infringing and/or indirectly infringing the '867 Patent by way of inducement, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271, including by making, using, selling, and/or offering for sale in the United States or importing into the United States infringing products, infrastructure, and/or services, including at least the Accused Infrastructure and Services, and/or inducing others to do the same. Amazon derives revenue from the activities relating to the Accused Infrastructure and Services. As explained below, these are covered by one or more claims of the '867 Patent, including but not limited to Claim 1.

87.    Amazon is aware of the '867 Patent and its infringement of the '867 Patent at least as of the filing of this Complaint.

88.    The Amazon Accused Infrastructure and Services meet all the limitations of at least Claim 1 of the '867 Patent. A chart presenting a non-limiting example of Amazon's infringement

of Claim 1 of the '867 Patent is attached to this Complaint as Exhibit 9.

89.    On information and belief, Amazon also actively, knowingly, and intentionally induces infringement of one or more claims of the '867 Patent under 35 U.S.C. § 271(b) by actively encouraging others to make, use, sell, offer to sell, and/or import in the United States, the Accused Infrastructure and Services. *See* Ex. 9 (claim chart containing publications of Amazon's Accused Infrastructure and Services).

90.    To the extent applicable, the requirements of 35 U.S.C. § 287(a) have been met with respect to the '867 Patent.

## COUNT IV: INFRINGEMENT OF THE '206 PATENT

91.    NovaCloud incorporates by reference the preceding paragraphs as if fully stated herein.

92.    Amazon has been and is now directly infringing and/or indirectly infringing the '206 Patent by way of inducement, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271, including by making, using, selling, and/or offering for sale in the United States or importing into the United States infringing products, infrastructure, and/or services, including at least the Accused Infrastructure and Services, and/or inducing others to do the same. Amazon derives revenue from the activities relating to the Accused Infrastructure and Services. As explained below, these are covered by one or more claims of the '206 Patent, including but not limited to Claim 1.

93.    Amazon is aware of the '206 Patent and its infringement of the '206 Patent at least as of the filing of this Complaint.

94.    The Amazon Accused Infrastructure and Services meet all the limitations of at least Claim 1 of the '206 Patent. A chart presenting a non-limiting example of Amazon's infringement of Claim 1 of the '206 Patent is attached to this Complaint as Exhibit 10.

95.     On information and belief, Amazon also actively, knowingly, and intentionally induces infringement of one or more claims of the '206 Patent under 35 U.S.C. § 271(b) by actively encouraging others to make, use, sell, offer to sell, and/or import in the United States, the Accused Infrastructure and Services. *See* Ex. 10 (claim chart containing publications of Amazon's Accused Infrastructure and Services).

96.     To the extent applicable, the requirements of 35 U.S.C. § 287(a) have been met with respect to the '206 Patent.

### COUNT V: INFRINGEMENT OF THE '173 PATENT

97.     NovaCloud incorporates by reference the preceding paragraphs as if fully stated herein.

98.     Amazon has been and is now directly infringing and/or indirectly infringing the '173 Patent by way of inducement, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271, including by making, using, selling, and/or offering for sale in the United States or importing into the United States infringing products, infrastructure, and/or services, including at least the Accused Infrastructure and Services, and/or inducing others to do the same. Amazon derives revenue from the activities relating to the Accused Infrastructure and Services. As explained below, these are covered by one or more claims of the '173 Patent, including but not limited to Claim 1.

99.     Amazon is aware of the '173 Patent and its infringement of the '173 Patent at least as of the filing of this Complaint.

100.     The Amazon Accused Infrastructure and Services meet all the limitations of at least Claim 1 of the '173 Patent. A chart presenting a non-limiting example of Amazon's infringement of Claim 1 of the '173 Patent is attached to this Complaint as Exhibit 11.

101.     On information and belief, Amazon also actively, knowingly, and intentionally

induces infringement of one or more claims of the '173 Patent under 35 U.S.C. § 271(b) by actively encouraging others to make, use, sell, offer to sell, and/or import in the United States, the Accused Infrastructure and Services. *See* Ex. 11 (claim chart containing publications of Amazon's Accused Infrastructure and Services).

102.    To the extent applicable, the requirements of 35 U.S.C. § 287(a) have been met with respect to the '173 Patent.

### COUNT VI: INFRINGEMENT OF THE '612 PATENT

103.    NovaCloud incorporates by reference the preceding paragraphs as if fully stated herein.

104.    Amazon has been and is now directly infringing and/or indirectly infringing the '612 Patent by way of inducement, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271, including by making, using, selling, and/or offering for sale in the United States or importing into the United States infringing products, infrastructure, and/or services, including at least the Accused Infrastructure and Services, and/or inducing others to do the same. Amazon derives revenue from the activities relating to the Accused Infrastructure and Services. As explained below, these are covered by one or more claims of the '612 Patent, including but not limited to Claim 27.

105.    Amazon is aware of the '612 Patent and its infringement of the '612 Patent at least as of the filing of this Complaint.

106.    The Amazon Accused Infrastructure and Services meet all the limitations of at least Claim 27 of the '612 Patent. A chart presenting a non-limiting example of Amazon's infringement of Claim 27 of the '612 Patent is attached to this Complaint as Exhibit 12.

107.    On information and belief, Amazon also actively, knowingly, and intentionally induces infringement of one or more claims of the '612 Patent under 35 U.S.C. § 271(b) by actively

encouraging others to make, use, sell, offer to sell, and/or import in the United States, the Accused Infrastructure and Services. *See* Ex. 12 (claim chart containing publications of Amazon's Accused Infrastructure and Services).

108.    To the extent applicable, the requirements of 35 U.S.C. § 287(a) have been met with respect to the '612 Patent.

## DEMAND FOR JURY TRIAL

NovaCloud demands a trial by jury of any and all issues triable of right before a jury.

## PRAYER FOR RELIEF

WHEREFORE, NovaCloud prays for the following relief:

1.    A judgment in favor of NovaCloud that Amazon has directly infringed, literally and/or under the doctrine of equivalents, the Asserted Patents;

2.    A judgment in favor of NovaCloud that Amazon is infringing, directly and/or indirectly, by way of inducement, literally and/or under the doctrine of equivalents, the Asserted Patents;

3.    An order awarding damages sufficient to compensate NovaCloud for Amazon's infringement of the Asserted Patents, but in no event less than a reasonable royalty, including supplemental damages post-verdict, together with pre-judgment and post-judgment interest and costs;

4.    Enhanced damages pursuant to 35 U.S.C. § 284;

5.    Entry of judgment declaring that this case is exceptional and awarding NovaCloud its costs and reasonable attorney fees under 35 U.S.C. § 285;

6.    An accounting for acts of infringement;

7.    A judgment and order requiring Amazon to pay NovaCloud compulsory ongoing post-verdict royalties;

8.    Such other equitable relief which may be requested and to which NovaCloud is

entitled; and

9.    Such other and further relief as the Court deems just and proper.

Dated: October 17, 2025

*Of Counsel*:

John B. Campbell
Stone A. Martin
MCKOOL SMITH, P.C.
303 Colorado Street Suite 2100
Austin, TX 78701
Telephone: (512) 692-8700
Facsimile: (512) 692-8744
jcampbell@McKoolSmith.com
smartin@McKoolSmith.com

Kevin Burgess
MCKOOL SMITH, P.C.
104 East Houston Street, Suite 300
Marshall, TX 75670
Telephone: (903) 923-9002
Facsimile: (903) 923-9099
kburgess@McKoolSmith.com

Michael E. Catapano
MCKOOL SMITH, P.C.
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 402-9400
Facsimile: (212) 402-9444
mcatapano@mckoolsmith.com

Clara Bourget
MCKOOL SMITH, P.C.
300 South Grand Avenue, Suite 2900
Los Angeles, CA 90071
Telephone: (213) 694-1200
Facsimile: (213) 694-1234
cbourget@McKoolSmith.com

Respectfully submitted,

FARNAN LLP

*/s/ Michael J. Farnan*
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market St., 12th Floor
Wilmington, DE 19801
Phone: (302) 777-0300
Fax: (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

**ATTORNEYS FOR PLAINTIFF**
**NovaCloud Licensing, LLC**