**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

NOVACLOUD LICENSING, LLC,

                        Plaintiff,

      v.

AMAZON.COM, INC. AND AMAZON WEB
SERVICES, INC.,

                        Defendant.

C.A. No. 25-cv-01272-MN

**JURY TRIAL DEMANDED**

**[PROPOSED] SCHEDULING ORDER**

This_____day of_____, 2026, the Court having conducted an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS HEREBY ORDERED that:

1. <u>Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard.</u> Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on <u>April 2, 2026</u>. The parties will negotiate and submit a proposed order governing Electronically Stored Information ("ESI") discovery by <u>April 20, 2026</u>. If they have not already done so, the parties are to review the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information (''ESI"), which is posted at http://www.ded.uscourts.gov (*see* Other Resources, Default Standard for Discovery) and is incorporated by reference. The disclosures required by Paragraph Three of the Default Standard shall be made by <u>April 30, 2026</u>.

2. <u>Joinder of Other Parties and Amendment of Pleadings</u>. All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before <u>August 14,</u>

2026. Unless otherwise ordered by the Court, any motion to join a party or motion to amend the pleadings shall be made pursuant to the procedures set forth in Paragraphs 8(g) and 9.

3.     Application to Court for Protective Order. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court on or before April 16, 2026. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 8(g) below.

Any proposed protective order must include the following paragraph:

> Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

4.     Papers Filed Under Seal. In accordance with section G of the Revised Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

5.     Courtesy Copies. The parties shall provide to the Court two (2) courtesy copies of all briefs and any other document filed in support of any briefs (*i.e.*, appendices, exhibits, declarations, affidavits, etc.). This provision also applies to papers filed under seal. All courtesy copies shall be double-sided.

6.    <u>ADR Process.</u>  Magistrate judges will no longer engage in alternative dispute resolution in patent cases. *See* the Court's Standing Order No. 2022-2 dated March 14, 2022.

7.    <u>Disclosures.</u> Absent agreement among the parties, and approval of the Court:

(a)    By <u>April 23, 2026</u>, Plaintiff shall identify the accused product(s), including accused methods and systems, and its damages model, as well as the asserted patent(s) that the accused product(s) allegedly infringe(s). Plaintiff shall also produce the file history for each asserted patent.

(b)    By <u>May 22, 2026</u>, Defendants shall produce core technical documents related to the accused product(s), sufficient to show how the accused product(s) work(s), including but not limited to non-publicly available operation manuals, product literature, schematics, and specifications. Defendants shall also produce sales figures for the accused product(s).

(c)    By <u>June 30, 2026</u>, Plaintiff shall produce an initial claim chart relating each known accused product to the asserted claims each such product allegedly infringes.

(d)    By <u>August 21, 2026</u>, Defendants shall produce initial invalidity contentions for each asserted claim, as well as the known related invalidating references and initial non-infringement contentions.

(e)    By <u>October 9, 2026,</u> Plaintiff shall provide initial validity contentions.

(f)    By <u>January 20, 2027</u>, Plaintiff shall provide final infringement contentions.

(g)    By <u>January 29, 2027</u>, Defendants shall provide final invalidity contentions.

(h)    By <u>March 12, 2027</u>, Plaintiff shall provide final validity contentions and Defendants shall provide final non-infringement contentions.

8.      Discovery. Unless otherwise ordered by the Court or agreed to by parties, the limitations on discovery set forth in the Federal Rules shall be strictly observed.

(a)      Fact Discovery Cut-Off. All fact discovery in this case shall be initiated so that it will be completed on or before February 26, 2027.

(b) Document Production. Document production shall be substantially completed by December 11, 2026.

(c)      Requests for Admission. A maximum of 40 requests for admission are permitted for each side.

(d)      Interrogatories.

i.      A maximum of **[Plaintiff's Proposal: 30]** **[Defendants' Proposal: 25]** interrogatories, including contention interrogatories, are permitted for each side.

ii.      The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall be judged by the level of detail each party provides (*i.e.*, the more detail a party provides, the more detail a party shall receive).

(e)      Depositions.

i.      Limitation on Hours for Deposition Discovery. Each side shall be limited to **[Plaintiff's Proposal: 125 hours]** **[Defendants' Proposal: 98 hours]** of deposition time for depositions of party witnesses and third parties (excluding expert depositions), **[Defendants' proposal: comprising no more than 10 party depositions]**, no more than **[Plaintiff's Proposal: 100 hours]** **[Defendants' Proposal: 70 hours]** of which may be used for

party witnesses.[1] Party fact witnesses include a party's current corporate designees under FRCP 30(b)(6) and a party's directors, officers, employees, agents, and representatives deposed in their individual capacity under FRCP 30(b)(1).

        ii.        The parties may also conduct third party discovery including depositions and document subpoenas. For any third party, the parties will serve each other with copies of any third-party subpoenas on the same day the subpoena or notice is served on the third party. The parties will serve each other with copies of any documents produced by third parties (including former employees of the opposing party) pursuant to subpoena within 3 business days unless a deposition of that third party is scheduled within the next 7 days. In that event, the document production must be provided immediately. A party scheduling the deposition of a third party agrees to work in good faith with the other party to schedule any third-party depositions at mutually agreeable dates and to ensure the parties have sufficient time to review any documents produced by a third party in advance of a deposition.

        iii.        A party may offer a fact or expert witness declaration in support of its claim construction positions without counting towards the above limits, and the opposing party may depose that witness for up to seven (7) hours on the record without counting against the time limits expressed in subsections (vi-viii). Any such deposition shall be limited to the scope of the declaration submitted in support of the party's claim construction positions.

        iv.        Each deposition noticed and taken by a party, for any party witness a party chooses to depose, shall count for a minimum of 3 hours of record time. For third party depositions, the deposition shall count for the actual time a party spends on the record.

---

[1] The parties agree to confer in good faith to the extent additional time beyond the **[Plaintiff's Proposal: 100 hours]** **[Defendants' Proposal: 70 hours]** is required to complete party depositions.

v.      Location of Depositions.   Depositions may be taken in person or remotely over Zoom or similar web-based video conferencing software. A party seeking to take a deposition in person must notify the other side in the deposition notice and schedule the deposition at a time and location agreed to by the deponent and counsel.

vi.      Depositions of Expert Witnesses: Each side may depose each of the other side's experts for up to seven (7) hours **[Plaintiff Proposal: total, regardless of how many expert reports an expert serves. In the event that one expert covers a large number of issues, the parties agree to meet and confer in good faith regarding additional deposition time for that expert as necessary.]** **[Defendants' Proposal: for each expert report that the expert submitted at the opening and rebuttal stages. For the avoidance of doubt, if an expert for Plaintiff provides opening and reply infringement reports and the same expert provides a rebuttal validity report, Defendants will be entitled to depose the expert for 7 hours on infringement and an additional 7 hours on validity. Similarly, if an expert for Defendants provides opening and reply invalidity reports and the same expert provides a rebuttal non-infringement report, Plaintiff will be entitled to depose the expert for 7 hours on invalidity and an additional 7 hours on non-infringement.]**

vii.      No witness shall be subjected to more than 7 hours of deposition time on the record on a single day, including if that witness is to testify on multiple days, without the consent of the witness and all parties.

viii.      Depositions involving non-English testimony will count as 1 hour for each 2 hours on the record. For example, three hours of such deposition time will count as 1.5 hours for purposes of deposition limits, with no more than 7 hours of translated testimony on any one day, absent consent of the deponent.

6

ix.    If additional time is needed for a translated deposition, the parties will meet and confer and will not unreasonably refuse requests for additional time for translated depositions. The parties can take unlimited depositions on written questions of custodians of business records for third parties.

(f)    Disclosure of Expert Testimony.

i.    Expert Reports. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule of Civil Procedure 26(a)(2) disclosure of expert testimony is due on or before October 1, 2027. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before November 5, 2027. Reply expert reports from the party with the initial burden of proof are due on or before December 3, 2027. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

ii.    Expert Report Supplementation. The parties will **NOT** permit expert declarations to be filed in connection with briefing (including case-dispositive motions). Should the parties desire to submit expert testimony or opinion in support of any motion briefing (including dispositive motions), they shall do so by citing deposition testimony and expert reports.

iii.    Objections to Expert Testimony. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court. Briefing on such motions is subject to the page limits set out in connection with briefing of case dispositive motions.

iv.    Expert Discovery Cut-Off. All expert discovery in this case shall

7

be initiated so that it will be completed on or before <u>January 21, 2028</u>.

(g)    <u>Discovery Matters and Disputes Relating to Protective Orders.</u>

i.    Any discovery motion filed without first complying with the following procedures will be denied without prejudice to renew pursuant to these procedures.

ii.    Should counsel find, after a reasonable effort pursuant to Local Rule 7.1.1 that they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Judicial Administrator to schedule an argument.

iii.    On a date to be set by separate order, generally not less than four (4) days prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues. On a date to be set by separate order, but generally not less than three (3) days prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition.

iv.    The parties shall provide to the Court two (2) courtesy copies of its discovery letter and any other document filed in support of any letter (*i.e.*, appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal. All courtesy copies shall be double-sided.

v.    Should the Court find further briefing necessary upon conclusion of the conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the conference and will, in that event, cancel the conference.

9.    <u>Motions to Amend / Motions to Strike.</u>

(a)    Any motion to amend (including a motion for leave to amend) a pleading or any motion to strike any pleading or other document shall be made pursuant to the discovery

dispute procedure set forth in Paragraph 8(g) above.

(b)      Any such motion shall attach the proposed amended pleading as well as a "redline" comparison to the prior pleading or attach the document to be stricken.

10.      Technology Tutorials.  Although technology tutorials are not required by the Court, they are appreciated and, if any party chooses to file such a tutorial, it shall be submitted on or before the date that the Joint Claim Construction Brief is filed.

11.      Claim Construction Issue Identification. On November 23, 2026, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted on March 19, 2027. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. Intrinsic evidence (including copies of the patent(s) at issue) shall NOT be attached to the joint claim construction chart and, instead, the parties shall include a joint appendix with the joint claim construction brief, and the joint appendix shall include a copy of the patent(s) at issue and portions of all relevant intrinsic evidence that would have otherwise been included with the joint claim construction chart, as well as any additional evidence cited in the parties' briefing.

12.      Claim Construction Briefing.  The Plaintiff shall serve, but not file, its opening brief, not to exceed 20 pages, on April 2, 2027. The Defendants shall serve, but not file, its answering brief, not to exceed 30 pages, on May 7, 2027. The Plaintiff shall serve, but not file, its reply brief, not to exceed 20 pages, on May 28, 2027. The Defendants shall serve, but not file, its

sur-reply brief, not to exceed 10 pages, on June 18, 2027. No later than June 25, 2027, the parties shall file a Joint Claim Construction Brief.

13.     The Parties acknowledge that four of the six patents NovaCloud asserts against Amazon in this case (U.S. Patent Nos. 8,949,206, 8,401,028, 8,145,721, 10,225,173) are also asserted against Meta in the co-pending case *NovaCloud Licensing, LLC v. Meta Platforms, Inc. f/k/a Facebook, Inc.*, D. Del. No. 1:25-cv-00674-MN.   NovaCloud currently also asserts two patents against only Amazon (U.S. Patent Nos. RE47612, 8,825,867) and one patent against only Meta (U.S. Patent No. 9,654,333).  To reduce the burden on the Court, the parties agree to submit joint claim construction briefing across the two cases according to the Court's standard page limits set forth above.  However, should the parties seek construction of any terms that appear in only the non-overlapping patents, the page limits to accommodate additional briefing on those terms will be as follows:  25 pages for opening briefs, 35 pages for responsive briefs, 23 pages for reply briefs, and 13 pages for sur-reply briefs.

14.     The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below. If the joint brief as submitted is more than 80 pages, the parties must certify that the page limits (or equivalent word counts) in the Scheduling Order have been complied with and provide a brief explanation (e.g., formatting issues, listing of agreed-upon terms) as to why the brief is longer than 80 pages.

JOINT CLAIM CONSTRUCTION BRIEF

I.      Agreed-Upon Constructions

II.     Disputed Constructions

[TERM 1]

    1.      Plaintiff's Opening Position

    2.      Defendants' Answering Position

10

3.        Plaintiff's Reply Position

4.        Defendants' Sur-Reply Position

[TERM 2]

1.        Plaintiff's Opening Position

2.        Defendants' Answering Position

3.        Plaintiff's Reply Position

4.        Defendants' Sur-Reply Position

The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an index, the parties shall submit them in a Joint Appendix.

15.     <u>Hearing on Claim Construction.</u> Beginning at_____on <u>July 21, 2027</u> (or at a date and time convenient for the Court), the Court will hear argument on claim construction. The parties need not include any general summaries of the law relating to claim construction in their presentations to the Court. The parties shall notify the Court, by joint letter submission, no later than the date on which their joint claim construction brief is filed: (i) whether they request leave to present testimony at the hearing; and (ii) the amount of time they are requesting be allocated to them for the hearing.

Provided that the parties comply with all portions of this Scheduling Order, and any other orders of the Court, the parties should anticipate that the Court will issue its claim construction order within sixty (60) days of the conclusion of the claim construction hearing. If the Court is unable to meet this goal, it will advise the parties no later than sixty (60) days after the conclusion of the claim construction hearing.

16.     <u>Supplementation.</u> Absent agreement among the parties, and approval of the

11

Court, no later than <u>January 20, 2027</u>, Plaintiff must finally supplement, *inter alia*, its identification of all accused products. And no later than <u>January 29, 2027</u>, Defendants must finally supplement, *inter alia*, their identification of all invalidity references.

      17.    <u>Case Dispositive Motions.</u>

      (a)    All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before <u>March 24, 2028</u>. Answering briefs shall be served and filed on or before <u>April 21, 2028</u>. Reply briefs shall be served and filed on or before <u>May 12, 2028</u>. No case dispositive motion under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court.

      (b)    <u>Concise Statement of Facts Requirement.</u> Any motion for summary judgment shall be accompanied by a separate concise statement, not to exceed six (6) pages, which details each material fact which the moving party contends is essential for the Court's resolution of the summary judgment motion (not the entire case) and as to which the moving party contends there is no genuine issue to be tried. Each fact shall be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

      Any party opposing the motion shall include with its opposing papers a response to the moving party's concise statement, not to exceed six (6) pages, which admits or disputes the facts set forth in the moving party's concise statement on a paragraph-by-paragraph basis. To the extent a fact is disputed, the basis of the dispute shall be supported by specific citation(s) to the record. Failure to respond to a fact presented in the moving party's concise statement of facts shall indicate that fact is not in dispute for purposes of summary judgment. The party opposing the motion may also include with its opposing papers a separate concise statement, not to exceed four (4) pages, which sets forth material facts as to which the opposing party contends there is a genuine issue to be tried. Each fact asserted by the opposing party shall also be set forth in a separate

12

numbered paragraph and shall be supported by specific citation(s) to the record.

The moving party shall include with its reply papers a response to the opposing party's concise statement of facts, not to exceed four (4) pages, on a paragraph-by-paragraph basis. Failure to respond to a fact presented in the opposing party's concise statement of facts shall indicate that fact remains in dispute for purposes of summary judgment.

(c)    Page limits combined with *Daubert* motion page limits. Each party is permitted to file as many case dispositive motions as desired provided, however, that each **SIDE** will be limited to a combined total of 40 pages for all opening briefs, a combined total of 40 pages for all answering briefs, and a combined total of 20 pages for all reply briefs regardless of the number of case dispositive motions that are filed. In the event that a party files, in addition to a case dispositive motion, a *Daubert* motion to exclude or preclude all or any portion of an expert's testimony, the total amount of pages permitted for all case dispositive and *Daubert* motions shall be increased to 50 pages for all opening briefs, 50 pages for all answering briefs, and 25 pages for all reply briefs for each **SIDE**.[2]

18.    Applications by Motion. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

19.    Motions *in Limine.* Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each **SIDE** shall be limited to three (3) *in limine* requests, unless otherwise permitted by the Court. The *in limine*

---

[2] The parties must work together to ensure that the Court receives no more than a *total* of *250 pages* (i.e., 50 + 50 + 25 regarding one side's motions, and 50 + 50 + 25 regarding the other side's motions) of briefing on all case dispositive motions and *Daubert* motions that are covered by this scheduling order and any other scheduling order entered in any related case that is proceeding on a consolidated or coordinated pretrial schedule.

request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument, may be opposed by a maximum of three (3) pages of argument, and the side making the *in limine* request may add a maximum of one (l) additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

20.     Pretrial Conference. On September 5, 2028 (or at a date and time convenient for the Court), the Court will hold a pretrial conference in Court with counsel beginning at ___.
Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order in compliance with Local Rule 16.3(c) and the Court's Preferences and Procedures for Civil Cases not later than seven (7) days before the pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order.

The parties shall provide the Court two (2) double-sided courtesy copies of the joint proposed final pretrial order and all attachments. The proposed final pretrial order shall contain a table of contents and the paragraphs shall be numbered.

21.     Jury Instructions, Voir Dire, and Special Verdict Forms. Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1 the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms

seven (7) business days before the final pretrial conference. This submission shall be accompanied by a courtesy copy containing electronic files of these documents, in Microsoft Word format, which may be submitted by e-mail to mn_civil@ded.uscourts.gov.

22.    Trial. This matter is scheduled for a five-day (5) jury trial beginning at 9:30 a.m. on September 11, 2028, with the subsequent trial days beginning at 9:00 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

23.    Judgment on Verdict and Post-Trial Status Report. Within seven (7) days after a jury returns a verdict in any portion of a jury trial, the parties shall jointly submit a form of order to enter judgment on the verdict. At the same time, the parties shall submit a joint status report, indicating among other things how the case should proceed and listing any post-trial motions each party intends to file.

24.    Post-Trial Motions. Unless otherwise ordered by the Court, all **SIDES** are limited to a maximum of 20 pages of opening briefs, 20 pages of answering briefs, and 10 pages of reply briefs relating to any post-trial motions filed by that side, no matter how many such motions are filed.

_____
The Honorable Maryellen Noreika
United States District Judge

15

**Exhibit A: Deadlines**

| EVENT | PARTIES' PROPOSED DATES |
| --- | --- |
| Rule 26(a)(1) Initial Disclosures | April 2, 2026 |
| Application to the Court for Protective Order | April 16, 2026 |
| Application to the Court for ESI Order. | April 20, 2026 |
| Plaintiff to identify accused method(s) and/or products, damages model, asserted patents, and produce file histories | April 23, 2026 |
| Delaware Paragraph 3 Disclosures | April 30, 2026 |
| Defendants to produce core technical documents and sales figures for accused product(s) | May 22, 2026 |
| Plaintiff to provide initial infringement contentions | June 30, 2026 |
| Joinder of Other Parties and Amendment of Pleadings | August 14, 2026 |
| Defendants to provide initial invalidity contentions / Defendants to provide initial non-infringement contentions | August 21, 2026 |
| Plaintiff to provide initial validity contentions | October 9, 2026 |
| Parties to exchange list of claim term(s)/phrase(s) they believe need construction | November 23, 2026 |
| Parties to exchange their proposed constructions for any term(s)/phrase(s) presented by the other side for which the party did not initially provide a construction | December 4, 2026 |
| Substantial completion of document production | December 11, 2026 |
| Plaintiff to serve (1) final infringement contentions and (2) final supplementation, *inter alia*, the identification of all accused products | January 20, 2027 |
| Defendants to provide (1) final invalidity contentions and (2) final supplementation, *inter alia*, the identification of all invalidity references | January 29, 2027 |
| Close of Fact Discovery | February 26, 2027 |
| Defendants to provide final non-infringement contentions / Plaintiff to provide final validity contentions | March 12, 2027 |

| | |
|---|---|
| Parties to file Joint Claim Construction Chart | March 19, 2027 |
| Plaintiff to **serve only** its Opening Claim Construction Brief | April 2, 2027 |
| Defendants to **serve only** its Answering Claim Construction Brief | May 7, 2027 |
| Plaintiff to **serve only** its Reply Claim Construction Brief | May 28, 2027 |
| Defendants to **serve only** its Sur-Reply Claim Construction Brief | June 18, 2027 |
| Parties to file Joint Claim Construction Brief and Technology Tutorial | June 25, 2027 |
| Claim Construction Hearing | July 21, 2027 (or at a date and time convenient for the Court) |
| Opening Expert Reports | October 1, 2027 |
| Answering/Rebuttal Expert Reports | November 5, 2027 |
| Reply Expert Reports | December 3, 2027 |
| Close of Expert Discovery | January 21, 2028 |
| Opening Brief(s) for case dispositive and *Daubert* motions | March 24, 2028 |
| Responsive brief(s) for dispositive motions and *Daubert* motions | April 21, 2028 |
| Reply brief for dispositive motions and *Daubert* motions | May 12, 2028 |
| Jury instructions, voir dire, and special verdict forms | 7 days before pretrial conference |
| Joint proposed pretrial order | |
| Pretrial Conference | September 5, 2028 (or at a date and time convenient for the Court) |
| Trial (5-day jury) | September 11, 2028 (or at a date and time convenient for the Court) |
| Judgement on Verdict and Post-Trial Status Report | Seven (7) days after verdict |